ELECTRONICALLY FILED - 2022 Mar 28 5:38 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500092

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HAMPTON<br><br>Nayvone Smith,<br><br>                      Plaintiff,<br><br>   vs.<br><br>Sinc Electrical Services, LLC and Brandon Shane Mikeal,<br><br>                      Defendants. | IN THE COURT OF COMMON PLEAS FOR THE 14th JUDICIAL CIRCUIT<br>CASE NO.:  2022-CP-25_____<br><br>**Summons**<br>(Automobile Collision/Negligence)<br>(Negligent Entrustment)<br>(Negligent Hiring, Retention, Supervision and Training)<br>(Jury Trial Requested) |

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to appear and defend the action(s) set forth in the Complaint herein, a copy of which is served upon you, and to serve a copy of your Answer or Motion to the said Complaint on the Joye Law Firm at 5861 Rivers Avenue North Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of service, and if you fail to appear and defend within the time aforesaid, judgment by default will be entered against you for the relief demanded in the Complaint.

                                                **JOYE LAW FIRM, L.L.P.**

By:   s/Milton D. Stratos II
         Milton D. Stratos II
         SC Bar No.: 102108
         5861 Rivers Ave.
         North Charleston, SC 29406
         Office:  843-725-4269
         Facsimile:  843-574-8767
         mstratos@joyelawfirm.com

North Charleston, South Carolina        *Attorneys for Plaintiffs*
The 28th day of March 2022.

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HAMPTON<br><br>Nayvone Smith,<br><br>      Plaintiff,<br><br>  vs.<br><br>Sinc Electrical Services, LLC and Brandon Shane Mikeal,<br><br>      Defendants. | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT<br>CASE NO.: 2022-CP-25_____<br><br>**Complaint**<br>(Automobile Collision/Negligence)<br>(Negligent Entrustment)<br>(Negligent Hiring, Retention, Supervision and Training)<br>(Jury Trial Requested) |

The Plaintiff, complaining of the Defendants above-named, hereby allege and plead as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Nayvone Smith is a resident of Colleton County, South Carolina.

2. Defendant Sinc Electrical Services, LLC (hereinafter referred to as "Defendant Sinc Electrical") is a Georgia corporation with a principal place of business in the State of Georgia.

3. At all times relevant to this action, Defendant Sinc Electrical has transacted business and contracted to supply goods and services throughout the State of South Carolina.

4. At all times relevant, Defendant Sinc Electrical has conducted business in South Carolina through its directors, owners, agents, servants, and employees, including Defendant Brandon Shane Mikeal.

5. Defendant Brandon Shane Mikeal (hereinafter referred to as "Defendant Mikeal") is a resident and citizen of Carroll County, Georgia.

6. At all relevant times hereto, the most substantial part of the acts and omissions committed by Defendants giving rise to this action occurred in Hampton County, South Carolina.

ELECTRONICALLY FILED - 2022 Mar 28 5:38 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500092

7. Based on the facts set forth and additional allegations below, jurisdiction and venue are proper in the Court of Common Pleas, Hampton County, South Carolina.

8. At all times relevant, Defendant Mikeal was an officer, director, agent, and/or employee of Defendant Sinc Electrical, and was acting within the course and scope of his employment, agency, and/or work with Defendant Sinc Electrical at the time of the subject incident described herein.

9. At all times relevant, Defendant Sinc Electrical was the employer and/or principal of Defendant Mikeal, exercised control over the conduct of Defendant Mikeal, and had the right to control the time, manner, method, and performance of Defendant Mikeal's employment and/or work and use of the vehicle he was driving at the time of the subject incident described herein.

10. On or about October 13, 2020, Defendant Mikeal was driving a certain 2011 Chevrolet truck, Georgia license plate number CML2733, (hereinafter the "Sinc Electrical corporate vehicle"). The Sinc Electrical corporate vehicle was owned by Defendant Sinc Electrical.

11. Plaintiff is informed and believes that at the time of the collision, Defendant Mikeal was unfit to operate a motor vehicle. Plaintiff is informed and believes that Defendant Sinc Electrical entrusted the Sinc Electrical corporate vehicle to Defendant Mikeal. Defendant Sinc Electrical knew or should have known at the time of the entrustment that Defendant Mikeal was unfit to drive and was planning to, and did, drive the entrusted Sinc Electric corporate vehicle.

12. On October 13, 2020, the Plaintiff was cautiously and lawfully operating her vehicle while travelling northbound on South Carolina Highway 63 (Walterboro Highway), in the County of Hampton, near the town of Varnville, South Carolina.

13. At or about the same time, Defendant Mikeal was driving westbound on Old Salkehatchie Highway, in Hampton County.

3

ELECTRONICALLY FILED - 2022 Mar 28 5:38 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500092

ELECTRONICALLY FILED - 2022 Mar 28 5:38 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500092

14. South Carolina Highway 63 and Old Salkehatchie Highway intersect in Hampson County, and at that intersection only the westbound and eastbound traffic on Old Salkehatchie Highway is controlled by a stop sign.

15. At the intersection of South Carolina Highway 63 and Old Salkehatchie Highway, the Defendant disregarded the stop sign controlling his path of travel westbound traffic on Old Salkehatchie Highway and violently struck the passenger and front side of Plaintiff's vehicle, thereby causing the collision which is the basis of this action.

## FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT MIKEAL
### (Negligence/Recklessness)

16. Plaintiff reallege and reincorporate the paragraphs above as if fully set forth verbatim herein.

17. Defendant Mikeal owed a duty to Plaintiff, and similar situated individuals, to operate the Sinc Electrical corporate vehicle safely, with reasonable care, and in accordance with all laws concerning the operation of a motor vehicle.

18. Defendant Mikeal was negligent, willful, wanton, and reckless and breached the duties he owed to the Plaintiff in one or more of the following ways:

   a) In operating a vehicle in a negligent and/or reckless manner;

   b) In driving a motor vehicle in such a manner as to indicate a willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others in violation of S.C. Code Ann. § 56-5-2920, and various other statutes;

   c) In driving too fast for the conditions;

   d) Failing to use due care;

   e) Failing to obey the clearly marked stop sign governing his path of travel;

   f) Failing to keep the vehicle under proper control;

   g) Failing to keep a proper lookout, and driving while distracted;

ELECTRONICALLY FILED - 2022 Mar 28 5:38 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500092

    h)    Failing to have vehicle equipped with proper brakes and, if so equipped, in failing to timely apply the brakes;

    i)    Failing to use the degree of care and caution that a reasonably prudent driver would have used under the circumstances then and there prevailing;

    j)    Violating various laws, statues, codes, regulations, and ordinances, including S.C. Code Ann. § 56-5-2740, designed to protect the public, including Plaintiff, from the type of harm that was caused by the Defendants' conduct and constituting negligence *per se*, recklessness, and subjecting Defendants to punitive damages; and

    k)    In otherwise operating vehicle without exercising reasonable care and in a negligent, willful, wanton, and reckless manner.

19.    Defendant Mikeal's negligent, willful, wanton, and reckless conduct and breach of duties owed to Plaintiff were the direct and proximate cause of the subject motor vehicle collision, injuries, and damages described herein.

20.    As a direct and proximate cause of Defendant Mikeal 's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff has suffered damages in the form of physical injury and harm, past and future medical expenses, lost income, past and future physical and mental pain and suffering, mental, emotional, and psychological damage, and loss of enjoyment of life.

21.    That Plaintiff is entitled to judgment against Defendant Mikeal for the above-described injuries and for actual and punitive damages in an amount to be determined by the jury.

**FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT SINC ELECTRICAL**
**(Doctrines of *Respondeat Superior* and Agency)**

22.    Plaintiff re-alleges and reiterates the allegations contained in the paragraphs set forth above as if set forth herein verbatim.

23.    Defendant Sinc Electrical is vicariously liable to Plaintiff, under the doctrine of *respondeat superior* and agency, for the negligent, careless, reckless, willful and wanton conduct

5

of its employee and/or agent, Defendant Mikeal, such conduct consisting of one or more of the particulars described herein.

## **FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT SINC ELECTRICAL**
**(Negligence/Recklessness)**

24.     Plaintiff re-alleges and reiterates the allegations contained in the paragraphs set forth above as if set forth herein verbatim.

25.     At all times relevant hereto, Defendant Mikeal was an employee, agent and legal representative of Defendant Sinc Electrical corporate, and acting in the course and scope of his employment.

26.     At all times relevant hereto, Defendant Mikeal was an employee, agent and legal representative of Defendant Sinc Electricaland driving the Sinc Electrical corporate vehicle provided to him by Defendant Sinc Electrical with permission from Defendant Sinc Electrical corporate.

27.     At all times relevant hereto, Defendant Sinc Electrical permitted Defendant Mikeal to use the Sinc Electrical corporate vehicle as his own for any and all purposes while acting as an agent for Defendant Sinc Electrical.

28.     That at all times relevant hereto, Defendant Sinc Electrical exercised control over the conduct of Defendant Mikeal, and had the right to control the time, manner and method of Defendant Mikeal's work and use of the Sinc Electrical corporate Vehicle it provided to Defendant Mikeal.

29.      That Defendant Sinc Electrical is responsible for Defendant Mikeal's actions and the consequences of his actions described herein, including but not limited to direct negligence, and the doctrines of *respondeat superior* and agency.

30. Defendant Sinc Electrica lowed a duty to Plaintiff ensure the safe operation of the Sinc Electrical corporate Vehicle, with reasonable care, and in accordance with all laws concerning the operation of a motor vehicle.

31. Defendant Sinc Electrical owed a duty to Plaintiff to ensure the safe operation of the Sinc Electrical corporate Vehicle, with reasonable care, by implementing safety policies and procedures, monitoring, and other internal safety controls to protect the motoring public, including the Plaintiff, from negligent and reckless conduct, including the acts of Defendant Mikeal.

32. Defendant Sinc Electrical was negligent, willful, wanton, and reckless and breached the duties it owed to Plaintiff in one or more of the following ways:

a) In permitting, facilitating, and allowing for the operation of the Sinc Electrical corporate vehicle in a negligent and/or reckless manner;

b) Failing to use due care;

c) Failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing;

d) In failing to implement and enforce safety policies and procedures, monitoring, and other internal controls to protect the motoring public, including the Plaintiff, from negligent and reckless conduct, including the acts of Defendant Mikeal;

e) Violating various laws, statues, codes, regulations, and ordinances designed to protect the public, including Plaintiff, from the type of harm that was caused by the Defendants' conduct and constituting negligence *per se*, recklessness, and subjecting Defendants to punitive damages; and

f) Otherwise operating vehicle without exercising reasonable care and in a negligent, willful, wanton, and reckless manner.

ELECTRONICALLY FILED - 2022 Mar 28 5:38 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500092

ELECTRONICALLY FILED - 2022 Mar 28 5:38 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500092

33.     Defendant Sinc Electrical corporate's negligent, willful, wanton, and reckless conduct and breach of duties owed to Plaintiff were the direct and proximate cause of the subject motor vehicle collision, injuries, and damages described herein.

34.     As a direct and proximate cause of Defendant Sinc Electrical corporate's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff has suffered damages in the form of past and future physical injury and harm, past and future medical expenses, lost income, past and future physical and mental pain and suffering, mental, emotional, and psychological damage, and loss of enjoyment of life.

35.     That Plaintiff is entitled to judgment against Defendant Sinc Electrical for the above-described injuries and for actual and punitive damages in an amount to be determined by the jury.

## FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT SINC ELECTRICAL
**(Negligent Entrustment)**

36.     Plaintiff realleges and reincorporates the paragraphs above as if fully set forth verbatim herein.

37.     Defendant Sinc Electrical knew or should have known Defendant Mikeal was untrained, inexperienced, unfit, and incapable of operating a vehicle in the manner required by South Carolina law.

38.     Defendant Sinc Electrical knew or should have known that at the time it entrusted a vehicle to Defendant Mikeal, he was likely to operate the vehicle in a negligent and/or reckless manner.

39. Defendant Sinc Electrical negligently and/or recklessly entrusted a vehicle to Defendant Mikeal because Defendant Sinc Electrical had actual or constructive notice of Defendant Mikeal's plans or intentions to operate the vehicle when he was unfit to drive.

40. As a direct and proximate cause of Defendant Sinc Electrical corporate's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff have suffered damages in the form of physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, mental, emotional, and psychological damage, and loss of enjoyment of life.

41. That Plaintiff is entitled to judgment against all Defendants for his above-described injuries and for actual and punitive damages in an amount to be determined by the jury.

**FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT SINC ELECTRICAL**
**(Negligent Hiring, Training, Retention, and Supervision)**

42. Plaintiff realleges and reincorporates the paragraphs above as if fully set forth verbatim herein.

43. Defendant Sinc Electrical owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation, and following of appropriate operating standards and procedures, the hiring, retention and supervision of its employees, drivers, and agents, including Defendant Mikeal, and the keep proper maintenance of the Sinc Electrical corporate vehicle.

44. Defendant Sinc Electrical owed statutory and common law duties to Plaintiff not to negligently and/or recklessly hire, train, supervise and retain employees and to use safe and fit equipment such as the Sinc Electrical corporate vehicle.

ELECTRONICALLY FILED - 2022 Mar 28 5:38 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500092

45. Defendant Sinc Electrical knew or should have known that Defendant Mikeal had a poor driving record and/or lacked experience and training such that he was unable to comply with the state and local laws and therefore was a negligent and/or reckless driver.

46. Defendant Sinc Electrical failed to properly supervise and train Defendant Mikeal and allowed him to operate the vehicle without the adequate training.

47. Defendant Sinc Electrical failed to properly supervise and monitor Defendant Mikeal despite its knowledge that Defendant Mikeal did not have the required training and/or experience, and mental state, to legally and safely operate a motor vehicle.

48. As a direct and proximate cause of Defendant Sinc Electrical corporate's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff has suffered damages in the form of physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, mental, emotional, and psychological damage, and loss of enjoyment of life.

49. That Plaintiff is entitled to judgment against all Defendants for the above-described injuries and for actual and punitive damages in an amount to be determined by the jury.

**WHEREFORE**, Plaintiff demand judgment against all Defendants for actual and punitive damages, including damages for physical injury and harm, past and future medical expenses, lost income, lost earning capacity, past and future physical and mental pain and suffering, mental, emotional, and psychological damage, loss of enjoyment of life, for the costs of this action, and for any additional relief this Court deems just and proper.

[Signature on Following Page]

ELECTRONICALLY FILED - 2022 Mar 28 5:38 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500092

                                    Respectfully Submitted,

                                    **JOYE LAW FIRM, L.L.P.**

By:    s/Milton D. Stratos II_____
          Milton ("Milt") D. Stratos II
          SC Bar No.: 102108
          5861 Rivers Avenue
          North Charleston, SC 29406
          Office: (843) 554-3100
          Facsimile: (843) 529-9180
          mstratos@joyelawfirm.com

North Charleston, South Carolina        *Attorneys for Plaintiff*
The 28 day of March 2022.